# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

YENNIER CAPOTE GONZALEZ,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-3

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Yennier Gonzalez ("Gonzalez"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response, (doc. 7), and Gonzalez filed a Traverse. (Doc. 8.) For the reasons which follow, I **RECOMMEND** Gonzalez's Petition be **DISMISSED** and this case be **CLOSED**. I also **RECOMMEND** Gonzalez be **DENIED** a Certificate of Appealability and be **DENIED** *in forma pauperis* status on appeal.

## BACKGROUND

Gonzalez was convicted in the Middle District of Tennessee on July 10, 2014, after a jury trial, of five (5) counts of health care fraud, in violation of 18 U.S.C. § 1347, and one (1) count of money laundering, in violation of 18 U.S.C. § 1957. (Doc. 7-2, p. 6.) Gonzalez was sentenced to 52 months' imprisonment, (id. at p. 7), and he has a projected release date of August 2, 2016, via good conduct time release. (Id. at p. 3.)

DISCUSSION

Before he was transferred to D. Ray James Correctional Facility, Gonzalez was housed at the McRae Correctional Facility in McRae, Georgia. While Gonzalez was at McRae Correctional Facility, he received an incident report charging him with fighting, in violation of Code 201 of the Inmate Disciplinary Rules. (Doc. 1, p. 3; Doc. 7, p. 3.) The Disciplinary Hearing Officer ("DHO"), Amanda Kirkley, who is employed by Corrections Corporation of America, found Gonzalez guilty of the charged offense. As a result, DHO Kirkley imposed the following sanctions against Gonzalez, in accordance with Program Statement 5270.09: 27 days' disallowance of good conduct time and 90 days' loss of commissary and telephone privileges. (Doc. 1, pp. 3–4.)

Gonzalez seeks to have the 27 days' good conduct time he lost as a result of the sanctions levied against him reinstated and the incident report expunged from his record. According to Gonzalez, the result of the DHO hearing is invalid because DHO Kirkley was not authorized to impose sanctions against him because she is not an employee of the Bureau of Prisons ("BOP"). (Id. at p. 4.) Gonzalez maintains the BOP is mandated by regulation to provide inmates with disciplinary hearings before a DHO employed by the BOP. (Id. at p. 6.) Gonzalez avers DHO Kirkley is not an independent and impartial decision-maker, which violated his right to due process.

Respondent contends employees at McRae are obligated to comply with BOP policies and procedures for inmate discipline. In accordance with these policies and procedures, Respondent asserts DHO Kirkley forwarded her report to the DHO Oversight Specialist in the BOP's Privatization Management Branch in Washington, D.C., who certified DHO Kirkley's report as being in compliance with legal requirements and Program Statement 5270.09. (Doc. 7,

p. 4.) Respondent asserts that this Court has held on previous occasions that the BOP has not improperly delegated its decision-making authority related to inmate discipline to BOP contract facilities. (Id. at p. 6.) In reliance upon this Court's decisions, Respondent asserts the BOP did not unlawfully delegate its authority to staff at McRae Correctional Facility.

**I.      Whether the DHO was authorized to impose sanctions**

The Court must determine whether DHO Kirkley was authorized to impose sanctions against Gonzalez. To do so, the Court must look to the applicable statutes and regulations. The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's authority in this area may include contracting out the care of prisoners to private facilities. 18 U.S.C. § 4013(a)(3). The relationship between the federal government and facilities which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, 'no federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined therein.'. . . . 18 U.S.C. § 4001(b)(1), [provides] that '[t]he control and management of Federal penal and correctional institutions . . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws. Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized as a [f]ederal prison."

United States v. Cardona, 266 F. Supp.2d 558, 560 (W.D. Tex. 2003) (internal citations omitted).

It appears that the BOP has no direct or constructive control over managerial functions at McRae Correctional Facility, and the Court agrees that McRae Correctional Facility is not a "federal" prison. However, it must be determined whether McRae Correctional Facility, as a non-federal facility, may nevertheless impose disciplinary sanctions as delegated by the BOP.

3

"It is well-established that federal agencies may not delegate their statutory authorities to private parties. However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.'" R. & R., Caraballo-Rodriguez v. Pugh, 3:04-cv-81 (S.D. Ga. Mar. 23, 2005) (citing Ocean Conservancy v. Evans, 260 F. Supp.2d 1162, 1183 (M.D. Fla. 2003)), ECF No. 12.

Here, the BOP is charged with making a final determination as to whether disciplinary proceedings are proper. Because the BOP has retained final decision-making authority in the imposition of disciplinary sanctions, it has not unlawfully delegated its authority to McRae Correctional Facility staff. See 28 C.F.R. Part 541 (federal regulations pertaining to inmate discipline); see also, Program Statement 5720.09 (stating that it is necessary for institution authorities to impose discipline on those inmates whose behavior is not in compliance with the BOP's rules in order for inmates to live in a safe and orderly environment). In fact, DHO Kirkley submitted her findings and recommended sanctions to a DHO oversight specialist with the BOP's privatization management branch for review. Joy Walters informed DHO Kirkley that the DHO report was reviewed and found to be in compliance with due process requirements, and that the recommended sanctions were in accord with Program Statement 5270.09. (Doc. 7-2, p. 30.) Because the BOP properly delegated its authority, Gonzalez is not entitled to his requested relief. Based on this reason, Gonzalez's Petition should be **DISMISSED**.[1]

---

[1] The Court notes Gonzalez's assertion in his Traverse that a BOP staff member is supposed to investigate an inmate's incident report pursuant to 28 C.F.R. § 541.5(b). Gonzalez also asserts that, under that Regulation, the DHO must be a BOP staff member, and an inmate is entitled to appear before a DHO and present evidence. (Doc. 8, pp. 6–7.) Gonzalez alleges his due process rights were violated because it is clear Federal Regulations mandate that these basic requirements are met. (Id. at p. 7.) However, these assertions are merely an extension of Gonzalez's original premise—that he was improperly sanctioned by DHO Kirkley because she is not a BOP employee—and need not be addressed separately. Section 541.5(b) is but one section of the Code of Federal Regulations governing inmate discipline, as set forth pursuant to the BOP's Program Statement 5270.09. http://www.bop.gov/policy/progstat/5270_009.pdf (last visited Aug. 31, 2015).

4

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Gonzalez leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Gonzalez has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

5

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Gonzalez's petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that Gonzalez's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** and this case be **CLOSED**. I also

**RECOMMEND** that Gonzalez be **DENIED** a Certificate of Appealability and be **DENIED** *in forma pauperis* status on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 31st day of August, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA